UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEHRA WAHEED,

                Plaintiff,

-against-

NEW YORK LOAN COMPANY, LLC, et al.,

                Defendants.

25-CV-4787 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, a citizen of New York, is proceeding *pro se* and *in forma pauperis* ("IFP"). In her original complaint, filed on June 3, 2025, Plaintiff asserted federal claims under 42 U.S.C. § 1983 and the Securities Exchange Act of 1934 ("Securities Act"), and state-law claims under the Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332. (ECF 1.) The named Defendants in this matter are three private individuals (two of whom are also citizens of New York), and two New York-based limited liability companies. Plaintiff alleged that she entered into "pawn shop" or collateral-based loans with Defendants, and that Defendants auctioned off her property, such as "Diamond and Gold Jewelry and Designer Handbags worth $75,000 . . . without certified notice", and that Defendants "continued to bill [her] on expired contracts" and "misled her into manipulating fraudulent contracts to make it look active for a due payment only to steal her" luxury property and "pocket the funds without certified mail and paying back the difference in sales." (*Id.* at 2.)

    On August 28, 2025, Plaintiff amended her pleading of her own accord, in other words, not in response to an order from the Court. In the amended pleading, Plaintiff asserts similar underlying facts, but now alleges that Defendants violated the Racketeer Influenced and Corrupt

Organizations Act ("RICO statute"), 18 U.SC. §§ 1961-1968, and she again asserts claims under state law. (ECF 32.) Plaintiff does not reassert claims under Section 1983 or the Securities Act.

Throughout the pendency of this matter, Plaintiff has filed multiple motions and documents seeking various forms of relief, including issuance of summonses, entry of default judgments, and emergency injunctive relief. (ECF 5-10, 12-20, 26-46.) Plaintiff essentially seeks an order that Defendants be "restrained and enjoined" from violating the RICO statute. (ECF 35 at 3.)

For the following reasons, the Court denies the pending motions without prejudice.

## DISCUSSION

**A.    Motions for issuance of summonses, entry of default judgments, and electronic case filing privileges**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen any complaint filed IFP, and dismiss it if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id*. Plaintiff recently filed an amended complaint asserting entirely new claims. Because Plaintiff is proceeding IFP, the Court must screen the amended complaint for substantive sufficiency under Section 1915(e)(2)(B). At this stage, therefore, Plaintiff is not entitled to issuance of summonses, entry of default judgments, or permission to participate in electronic case filing privileges. Accordingly, the Court denies these applications for such relief without prejudice to renewal at the appropriate time.

**B.    Motions for emergency injunctive relief**

To obtain preliminary injunctive relief and a temporary restraining order, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair

ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (citation and internal quotation marks omitted).

The Court has reviewed Plaintiff's amended complaint and her submissions for an order that Defendant be "restrained and enjoined" from engaging in the unlawful behavior underlying her claims. Injunctive relief will not be granted because Plaintiff's submissions do not enable the Court to conclude that she has demonstrated: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Accordingly, Plaintiff's request for emergency injunctive relief is denied without prejudice. The Court will issue a further explanatory order at a later date.

## CONCLUSION

The Court denies all pending motions, and the Clerk of Court is directed to terminate them.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 16, 2025
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge