UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEHRA WAHEED,

                              Plaintiff,

        -against-

NEW YORK LOAN COMPANY, LLC;
LUXURY ASSET CAPITAL, LLC; DEWEY
BURKE; BRIAN CORNICK; RYAN
LAURENCE,

                              Defendants.

25-CV-4787 (LJL)

ORDER OF SERVICE

LEWIS J. LIMAN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Racketeer Influenced and Corrupt Organizations (RICO) Act, alleging Defendants conspired to engage in racketeering activity through their collateral lending businesses and thereby deprived Plaintiff of her property. On August 28, 2025, Plaintiff filed an amended complaint, which is the operative pleading. (ECF No. 32.) Plaintiff subsequently filed a motion for a status conference and for expedited consideration of her amended complaint (ECF No. 52) and a document that she styles as a "Motion to Reopen Time to File Notice of Appeal Pursuant to Fed. R. App. P. 4(a)(6)" (ECF Nos. 53-54).

By order dated July 15, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons that follow, the Court: (1) denies Plaintiff's pending motions and (2) directs service on Defendants.

**DISCUSSION**

**A.    Plaintiff's motions**

**1.    Motion for status conference and expedited consideration of amended complaint**

The Court denies Plaintiff's motion for a status conference as premature and her motion for expedited consideration of the amended complaint as moot. (ECF No. 52.) Defendants have not yet been served with the summonses and complaint. Until that happens, no useful purpose would be achieved through scheduling a status conference.

Similarly, this Court has screened the operative pleading under 28 U.S.C. § 1915(e)(2)(B), and as set forth below, is directing service on Defendants. Because the Court has considered Plaintiff's amended complaint, Plaintiff's motion for expedited consideration of the amended complaint is denied as moot.

**2.    Motion for extension of time to file notice of appeal**

Plaintiff also filed a document that she styles as a "Motion to Reopen Time to File Notice of Appeal Pursuant to Fed. R. App. P. 4(a)(6)." (ECF Nos. 53-54.) The motion appears to be premised on Plaintiff's belief that "[o]n September 16, 2025, the Court entered a final decision and/or judgment dismissing this action." (*Id*. at ¶ 1.) The Court must deny the motion because the order dated September 16, 2025 was not a final decision on the merits of the operative complaint; rather, it denied certain of Plaintiff's then-pending motions. *See, e.g.*, *Slayton v. Am. Exp. Co.*, 460 F.3d 215, 224 (2d Cir. 2006) (holding that "[a] dismissal with leave to amend is a non-final order and not appealable").

To the extent that Plaintiff's motion can be construed as a request to certify an interlocutory appeal, the Court denies that motion. The Court may certify an interlocutory appeal of a non-final order if that order "'involves a controlling question of law as to which there is

2

substantial ground for difference of opinion' and 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *De Jesus v. Oyshi Table Corp.*, No. 19-CV-0830 (JPC), 2021 WL 1791478, at *3 (S.D.N.Y. May 5, 2021) (quoting 28 U.S.C. § 1292(b)). Yet

> [i]nterlocutory appeals are disfavored since "[i]t is a basic tenet of federal law to delay appellate review until a final judgment has been entered . . . [and] although [the statute authorizing interlocutory appeals, 28 U.S.C. § 1292,] was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals."

*Pen. Am. Ctr., Inc. v. Trump*, No. 18-CV-9433 (LGS), 2020 WL 5836419, at *1 (S.D.N.Y. Oct. 1, 2020) (quoting *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996)).

Under the circumstances presented here, the Court declines to certify an interlocutory appeal. The September 16, 2025 order denying Plaintiff's motions does not "involve a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," as set forth Section 1292(b).

**B.      Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the

3

summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

For the reasons set forth in this order, the Court denies Plaintiff's motion for a status conference and for expedited consideration of her amended complaint (ECF No. 52) and her "Motion to Reopen Time to File Notice of Appeal Pursuant to Fed. R. App. P. 4(a)(6)" (ECF Nos. 53-54). The Clerk of Court is directed to terminate these motions.

The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

4

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:    April 8, 2026
          New York, New York

_____
LEWIS J. LIMAN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.    New York Loan Company, LLC
      110 West 40th Street
      New York, NY 10018

2.    Luxury Asset Capital, LLC
      110 West 40th Street
      New York, NY 10018

3.    Dewey Burke
      Luxury Asset Capital, LLC
      110 West 40th Street
      New York, NY 10018

4.    Brian Cornick
      Luxury Asset Capital, LLC
      110 West 40th Street
      New York, NY 10018

5.    Ryan Laurence
      Luxury Asset Capital, LLC
      110 West 40th Street
      New York, NY 10018