UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
                                                                      :
SEHRA WAHEED,                                                         :
                                                                      :
                              Plaintiff,                               :
                                                                      :              25-cv-4787 (LJL)
              -v-                                                      :
                                                                      :                 ORDER
NEW YORK LOAN CO., LLC, et al.                                         :
                                                                      :
                              Defendants.                              :
                                                                      :
----------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/15/2026

LEWIS J. LIMAN, United States District Judge:

Plaintiff Sehra Waheed moves for an order construing "defendants' entity-name assertions narrowly" and appointing counsel. Dkt. Nos. 66, 67. The motion for narrow construction of "defendants' entity-name" is taken under advisement. The motion for appointment of counsel is denied without prejudice.

Unlike in criminal cases, there is no requirement in civil cases that courts provide indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, a court has "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Although a court has no authority to "appoint" counsel, it may instead "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989). Because courts do not have funds to pay counsel in civil matters, courts must request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

The relevant factors are set forth in *Hodge*, 802 F.2d at 60–62. The Court considers (1) whether plaintiff's position "seems likely to be of substance"; (2) whether the issues presented

"might require substantial factual investigation" and "the indigent's ability to investigate the crucial facts"; (3) "the plaintiff's apparent ability to present the case" and "whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder"; (4) whether the "case's factual issues turn on credibility"; (5) whether the legal issues presented are complex; and (6) "any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Id.*

At this early stage, the Court cannot make a finding that Plaintiff's claims are likely to be of substance, that they might require substantial factual investigation, that the legal issues presented are complex, or that there is any other special reason why appointment of counsel would be more likely to lead to a just determination. The case is at its incipiency, and it has not yet been tested by defendants' motion to dismiss. Without prejudging the outcome of that motion, the Court cannot conclude that the case is likely to be of substance. *See Eichie v. Kuakazi*, 2022 WL 1517242, at *1 (S.D.N.Y. Apr. 27, 2022) (denying motion for appointment of counsel because of early stage of the case). The other factors do not weigh in favor of the appointment of counsel at this stage. Plaintiff may renew the motion should the case survive the motion to dismiss.

Plaintiff is reminded of the services of the free pro se clinic located at the courthouse, information for which was provided in the information packet sent to Plaintiff. *See* Dkt. No. 61.

With respect to the motion at Dkt. No. 66, the parties shall show cause no later than May 22, 2026, why the amended complaint should not be construed to name "BLCE LLC, d/b/a New York Loan Company," in lieu of New York Loan Company.

Defendants shall respond to the motion to file an amended complaint no later than May 22, 2026. Dkt. No. 68.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 67.

SO ORDERED.

Dated: May 15, 2026
　　　New York, New York

_____
LEWIS J. LIMAN
United States District Judge