USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/15/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEHRA WAHEED,

Plaintiff,

-v-

NEW YORK LOAN COOMPANY, LLC, et al.,

Defendants.

25-cv-4787 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

On May 15, 2026, the Court denied without prejudice Plaintiff's request for appointment of counsel. Dkt. No. 70. Plaintiff submitted a motion for reconsideration of that Order on June 5, 2026. Dkt. No. 80.

"A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court.'" *Justice v. City of New York*, 2015 WL 4523154, at *1 (E.D.N.Y. July 27, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 614

(S.D.N.Y. 2000) (citation omitted). It is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

The Court denied Plaintiff's request for appointment of counsel on the basis that "[a]t this early stage, the Court cannot make a finding that Plaintiff's claims are likely to be of substance, that they might require substantial factual investigation, that the legal issues presented are complex, or that there is any other special reason why appointment of counsel would be more likely to lead to a just determination." Dkt. No. 70 at 2. It continued that "[w]ithout prejudging the outcome of" the Defendants' motion to dismiss, "the Court cannot conclude that the case is likely to be of substance." *Id.* In the motion for reconsideration, Plaintiff has not pointed to any new information or law that would compel reexamination of that decision. There has been no resolution of the Motion to Dismiss, and the Court has made no further findings as to the viability of Plaintiff's allegations. The special considerations that Plaintiff points to, including that she is disabled and without stable housing, will be taken into consideration if the motion to appoint counsel is renewed after a ruling on the Motion to Dismiss.

Plaintiff points out that the Court previously noted that the Plaintiff could renew the motion "should the case survive the motion to dismiss." Dkt. No. 70 at 2. The Court has not yet ruled on the motion to dismiss. Defendants submitted a motion to dismiss Plaintiff's Second Amended Verified Complaint on June 10, 2026. Dkt. No. 81. Plaintiff has not submitted any opposition to the Motion to Dismiss.[1] Under the Local Rules for the Southern District of New

[1] In the motion for reconsideration, Plaintiff states that they filed "a substantive combined reply" to the motion to dismiss "demonstrating that the claims are legally viable and non-futile." Dkt. No. 80 at 3. Those docket entries, at ECF Nos. 77 and 78, pre-dated Defendants' motion to

York, a party opposing a motion has fourteen calendar days following the motion to respond. L. Civ. R. 6.1(b). In light of Plaintiff's *pro se* status, Plaintiff is granted until August 5, 2026 to submit an opposition to the motion. Defendants will have the standard time as allocated under the rules to reply to any opposition.

The Clerk of Court is respectfully requested to close Dkt. No. 80.

SO ORDERED.

Dated: July 15, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge

dismiss, and do not address the arguments made therein. The Court has not ruled on the motion to dismiss, nor determined that the claims are legally viable.