USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 09/11/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEHRA WAHEED,

Plaintiff,

-v-

NEW YORK LOAN COMPANY, LLC, et al.,

Defendants.

25-cv-4787 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff Sehra Waheed moves for a temporary restraining order and preliminary injunction. Dkt. No. 94. Plaintiff alleges that between March and June 2022 she pledged property to Defendants Luxury Asset Capital, LLC, New York Loan Company, LLC, Dewey Burke, Brian Cornick, and Ryan Laurence (collectively, "Defendants") with an aggregate market value of approximately $75,000 and that in June and July 2022, Defendants sold substantial portions of her property without providing advance notice. Dkt. No. 69 ¶¶ VI(D)(1)–(3). Among other relief, she seeks an order requiring Defendants to pay her temporary hotel expense for the period of August 12 through September 10, 2026, and thereafter to make direct payment of up to $8,000 per month for temporary furnished housing. Dkt. No. 94 ¶ 5. The application for a temporary restraining order is denied.

The Court applies the same standards on an application for a temporary restraining order that it applies on a motion for a preliminary injunction. "A party seeking a preliminary injunction must demonstrate: (1) 'a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor'; (2) a likelihood of 'irreparable injury in the absence of

an injunction'; (3) that 'the balance of hardships tips in the plaintiff's favor'; and (4) that the 'public interest would not be disserved' by the issuance of an injunction." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (alteration adopted) (quoting *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010)). "A preliminary injunction is an extraordinary remedy never awarded as of right. In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (internal citation omitted) (quoting *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 542 (1987)). "Because mandatory injunctions disrupt the status quo, a party seeking one must meet a heightened legal standard by showing 'a clear or substantial likelihood of success on the merits.'" *N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) (quoting *N.Y. C.L. Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2012)).

Plaintiff has shown neither likelihood of success to support a temporary restraining order nor an irreparable injury. Her claim is based on the notion that Defendants violated New York law and her loan agreement by selling her collateral without sufficient notice. On the basis of those allegations, she invokes this Court's subject matter jurisdiction under the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. But Plaintiff has not shown a likelihood of success on her RICO claims or that Defendants, in fact, sold her collateral without notice. She also has not shown at this stage that she will suffer irreparable injury if the Court does not enter the requested injunction. She complains of sales that occurred in 2022. The harm that she suffered from that alleged conduct, if any, is compensable by money damages and is not considered irreparable injury. *See GameRun Inc., v. Insalco*, 2026 WL 2169847, at *8 (S.D.N.Y. July 28, 2026). To the extent she faces housing challenges now, she has not

established that such challenges are a result of any wrongful act by Defendants occurring over four years ago. To the extent that she asks for an order restraining Defendants from selling or transferring her property or from destroying documents, Plaintiff has not shown that Defendants currently have possession of any of her property or that she is at risk of Defendants destroying relevant documents in the absence of an injunction. And to the extent that she seeks to require Defendants to retain the proceeds traceable to the sale of her property, a court will grant such relief when the harm is otherwise compensable by money damages only in circumstances where the defendant "is insolvent, is on the verge of insolvency, or has tried to transfer or conceal assets." *Id.* at *8 (internal citations and quotations omitted). The Court thus has no need to consider the additional question whether the requested relief is barred by *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308 (1999).

Plaintiff also has moved for a preliminary injunction. Papers in response to that motion shall be filed no later than September 28, 2026. Reply papers shall be filed no later than October 5, 2026.

SO ORDERED.

Dated: September 11, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge