USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/13/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEHRA WAHEED,

Plaintiff,

-v-

NEW YORK LOAN COMPANY, LLC, et al.,

Defendants.

25-cv-4787 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Defendants Luxury Asset Capital, LLC d/b/a New York Loan Company, Dewey Burke, Brian Cornick, and Ryan Laurence (collectively, "Defendants") move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff Sehra Waheed's complaint. Dkt. No. 81. Plaintiff moves for a preliminary injunction, primarily seeking interim monetary relief. Dkt. Nos. 94, 105. For the reasons that follow, the motion to dismiss is granted and the motion for preliminary injunction is denied as moot.

## BACKGROUND

For the purposes of adjudicating Defendants' motion to dismiss, the Court grants Plaintiff's motion for leave at Dkt. No. 68 to file the Third Amended Complaint ("TAC") and accepts as true all well-pleaded allegations therein.[1] *See* Dkt. No. 69.

[1] "Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that [s]he has a valid claim." *Cagle v. Weill Cornell Med.*, 680 F. Supp. 3d 428, 439 (S.D.N.Y. 2023) (alteration omitted) (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014)). Thus, the Court grants leave. Defendants face no substantial prejudice, despite targeting their motion to dismiss to the Second Amended Complaint at Dkt. No. 56, because their briefing addresses all the claims Plaintiff raises in the TAC, which omits certain claims asserted previously. Moreover, Defendants address the TAC in their reply memorandum of law. Dkt. No. 91 at 1–2.

According to Plaintiff, since January 2020 to the present, Defendants organized an enterprise to implement a fraudulent scheme to entice customers to pledge high-value collateral through loan agreements, which provided that Defendants would give loanees 30 days' notice before they sold any of the pledged collateral. *Id.* ¶ IV(D), VI(A)(1). Defendants did not, and never intended to, honor that requirement. *Id.* Plaintiff was impacted by this enterprise when, between March and June 2022, Plaintiff pledged property to Defendants through eleven collateral loan agreements, totaling an aggregate market value of approximately $75,000. *Id.* ¶ VI(D)(1)–(3). In June and July 2022, Defendants sold substantial portions of her property without providing notice. *Id.* In particular, Defendant Cornick processed the proceeds and failed to account for or remit any surplus to Plaintiff. *Id.* ¶ VI(D)(6).

In service of their enterprise, Defendants allegedly engaged in mail and wire fraud from 2022 to 2024. *Id.* ¶ VI(B)–(C). Plaintiff points to three acts of mail fraud: first, on or about March 15, 2022, Defendant Laurence mailed Plaintiff a loan agreement with the false representation of the notice period; second, on or about May 1, 2022, Defendant Laurence then apprised Plaintiff via mail of the good standing of her loans; and third, on August 28, 2024, Defendants used the mails to let Plaintiff know that Defendants intended to resolve issues related to an insurance claim fairly. *Id.* ¶ VI(B). Plaintiff also raises three instances of alleged wire fraud: electronic communications in the form of email conversations between Plaintiff and Defendant Laurence from April 1 and June 30, 2022, assuring Plaintiff that loan extensions would be granted and advance notice of any sale would be provided, including an email dated May 15, 2022, that stated "we will of course provide you with advance notice if action becomes necessary"; fraudulent interstate wire transfers, including payments Plaintiff made in June and July 2022 to Luxury Asset Capital; and electronic communication in August 2024 wherein

Defendants transmitted information regarding their out-of-state professional liability insurance carrier. *Id.* ¶ VI(C).

**PROCEDURAL HISTORY**

Plaintiff initiated the present lawsuit by complaint filed on June 3, 2025. Dkt. No. 1. On September 16, 2025, Judge Swain denied Plaintiff's then-pending motions for entry of default, default judgment, preliminary injunction, and a temporary restraining order. Dkt. No. 48.

On February 26, 2026, Plaintiff filed her Second Amended Complaint, asserting six claims of relief—that Defendants violated the Racketeer Influenced and Corrupt Organizations Act (the "RICO Act"), 18 U.S.C. §§ 1961–1968; committed mail fraud under 18 U.S.C. § 1341; committed wire fraud under 18 U.S.C. § 1343; engaged in a conspiracy to commit mail and wire fraud under 18 U.S.C. § 1349; engaged in conversion under New York state law; and violated New York General Business Law § 48. Dkt. No. 56 ¶¶ 55–92.

On March 27, 2026, Plaintiff filed a letter requesting, among other things, reassignment of the matter to Judge Carter in this District. Dkt. No. 58. On April 7, 2026, the case was reassigned to this Court. Minute Entry Apr. 7, 2026. On May 14, 2026, Plaintiff requested leave to file the TAC, which asserts only three claims of relief: violations of the RICO Act, conversion under New York state common law, and violations of New York General Business Law § 349.

On June 10, 2026, Defendants moved to dismiss Plaintiff's then-operative Second Amended Complaint. Dkt. No. 81. On July 27, 2026, Plaintiff filed a memorandum of law in opposition to Defendant's motion to dismiss alongside a declaration in support thereof. Dkt. Nos. 89, 90. The declaration in support attached copies of the first page of eleven collateral loan agreements between Plaintiff and New York Loan Company, with loan start dates ranging from July 2022 to December 2023. Dkt. No. 90-1. On August 3, 2026, Defendants filed a reply memorandum of law in further support of their motion to dismiss, addressing Plaintiff's revised

pleadings in the TAC. Dkt. No. 91. On August 5, 2026, Plaintiff filed a sur-reply memorandum of law in opposition to the motion to dismiss. Dkt. No. 93.

On September 2, 2026, Plaintiff moved the Court for a temporary restraining order and a preliminary injunction. Dkt. No. 94. Among other relief, Plaintiff seeks an order requiring Defendants to account for and preserve all identifiable proceeds derived from the sale of any of her pledged property and further requiring Defendants to pay her temporary hotel expense for the period of August 12 through September 10, 2026, and thereafter to make direct payment of up to $8,000 per month for temporary furnished housing. Dkt. No. 94 ¶ 3–5. The Court denied the temporary restraining order in its September 11, 2026 Memorandum and Order and set a briefing schedule for Plaintiff's motion for a preliminary injunction. Dkt. No. 96. On September 14, 2026, Plaintiff filed a supplemental evidentiary submission in support of her request for a preliminary injunction. Dkt. No. 102. On September 25, 2026, Defendants filed their memorandum of law in opposition to the motion. Dkt. No. 103. On October 1, 2026, Plaintiff filed a reply memorandum of law in further support of her motion. Dkt. No. 104. On October 7, 2026, Plaintiff filed a request to expedite consideration of her motion for a preliminary injunction and interim monetary relief. Dkt. No. 105.

## LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and draw all possible inferences from those allegations in favor of the plaintiff. *See York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002), *cert. denied*, 537 U.S. 1089 (2002). This requirement "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements

of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). The ultimate question is whether "[a] claim has facial plausibility, [*i.e.*,] the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Put another way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Twombly*, 550 U.S. at 556.

Plaintiff is self-represented. As a general matter, the Court construes *pro se* pleadings broadly and liberally, interpreting them so as to raise the strongest arguments they suggest. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000). However, the liberal pleading standard, even if it was applicable, does not relieve self-represented plaintiffs of the requirement that they plead enough facts to "nudg[e] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (per curiam) (*pro se* plaintiff must state a plausible claim for relief). Nor does it relieve them of the obligation to otherwise comply with the pleading standards set forth by the Federal Rules of Civil Procedure. *See Saidin v. N.Y.C. Dep't of Educ.*, 498 F. Supp. 2d 683, 687 (S.D.N.Y. 2007).[2]

[2] The Court notes that Plaintiff Sehra Waheed is a repeat litigant in this District and so it may be "appropriate to charge [her] . . . with knowledge of . . . particular requirements" of the Federal Rules of Civil Procedure "as a result of [her] extensive prior experience in the courts." *Sledge v. Kooi*, 564 F.3d 105, 109 (2d Cir. 2009). *See, e.g.*, *Seren Fashion Art & Interiors, LLC v. B.S.D. Cap., Inc.*, 2024 WL 4866898, at *1 (2d Cir. May 28, 2024) (order denying Ms. Waheed leave to proceed *in forma pauperis* and dismissing appeal); *Waheed v. Police Dep't 19th Precinct (NYPD)*, 2026 WL 539731, at *6 (S.D.N.Y. Feb. 26, 2026) (noting that, as of February 2026,

For a preliminary injunction, the party seeking such an order "must demonstrate: (1) 'a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor'; (2) a likelihood of 'irreparable injury in the absence of an injunction'; (3) that 'the balance of hardships tips in the plaintiff's favor'; and (4) that the 'public interest would not be disserved' by the issuance of an injunction." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (alteration adopted) (quoting *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010)). "A preliminary injunction is an extraordinary remedy never awarded as of right. In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (internal citation omitted) (quoting *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 542 (1987)).

**DISCUSSION**

The Court turns first to Defendants' motion to dismiss before addressing Plaintiff's motion for a preliminary injunction. *See Olde Monmouth Stock Transfer Co. v. Depository Tr. & Clearing Corp.*, 485 F. Supp. 2d 387, 391 (S.D.N.Y. 2007) ("When a plaintiff moves for preliminary injunctive relief, it does so on the basis and in aid of its previously filed complaint. The objective of a plaintiff moving for a preliminary injunction is to obtain relief *pendente lite* with respect to the claims plaintiff pleads in its complaint.").

Plaintiff alleges that Defendants engaged in a fraudulent enterprise, as defined by the RICO Act, and violated New York law and her loan agreements by selling her collateral without

---

Ms. Waheed had "filed 13 civil actions in this Circuit" and warning "that if she persists in filing complaints and motions that she should, by this point, know are not meritorious, the Court may consider imposing a filing injunction under 28 U.S.C. § 1651"). Nevertheless, the Court grants her special solicitude and considers her claims to the strongest extent possible.

sufficient notice. Dkt. No. 69 ¶ VI(D)(3). Specifically, Plaintiff alleges that, "[i]n June and July 2022, the Enterprise sold substantial portions of Plaintiff's property without providing any advance notice whatsoever." *Id.* The Court addresses first Plaintiff's civil RICO claim, which provides the basis for the Court's subject matter jurisdiction.

To state a violation of the civil RICO enforcement provision in accordance with 18 U.S.C. § 1962, "a plaintiff must allege facts showing: '(1) that the defendant (2) through the commission of two or more acts (3) constituting a pattern (4) of racketeering activity (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an enterprise (7) the activities of which affect interstate or foreign commerce.'" *Sutton v. Lightning Shared Scooter Co., LLC*, 2026 WL 1998608, at *3 (S.D.N.Y. July 10, 2026) (quoting *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983)). "To establish a pattern of racketeering activity, a plaintiff 'must demonstrate, as to each defendant, that while employed by or associated with an enterprise . . . through the commission of at least two predicate acts constituting a pattern of racketeering, the defendant directly or indirectly conducted or participated in the conduct of the affairs of such enterprise." *Razzoli v. ASR Xpress*, 2026 WL 1492960, at *6 (S.D.N.Y. May 28, 2026) (quoting *AFSCME Dist. Council 37 Health & Sec. Plan v. Bristol-Myers Squibb Co.*, 948 F. Supp. 2d 338, 344 (S.D.N.Y. 2013)). Defendants contend that Plaintiff has failed to identify legally sufficient predicate acts, failed to allege the existence of an enterprise separate and distinct from the alleged pattern of racketeering activity, and failed to identify how the conduct impacts interstate or foreign commerce. Dkt. No. 82 at 9–14.

Predicate acts of "racketing activity" for the purposes of a civil RICO claim can consist of mail or wire fraud. 18 U.S.C. § 1961(1)(B) (listing "mail fraud" and "wire fraud"). "The elements of mail or wire fraud are (i) a scheme to defraud (ii) to get money or property (iii)

furthered by the use of interstate mail or wires." *Williams v. Affinion Grp., LLC*, 889 F.3d 116, 124 (2d Cir. 2018) (quoting *United States v. Autuori*, 212 F.3d 105, 115 (2d Cir. 2000)). "A scheme to defraud is a plan to deprive a person of something of value by trick, deceit, chicane or overreaching." *Id.* (internal quotation marks omitted). "To make out such a scheme, a plaintiff must provide proof of a material misrepresentation." *Id.* "Given the routine use of mail and wire communications in business operations, . . . RICO claims premised on mail or wire fraud must be particularly scrutinized because of the relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon closer scrutiny, do not support it." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 489 (2d Cir. 2014) (citation modified). The elements of mail and wire fraud must be pleaded with particularity under Federal Rule of Civil Procedure 9(b). *See* Fed. R. Civ. P. 9(b); *Acklin v. Eichner*, 2024 WL 4826799, at *9 (S.D.N.Y. Nov. 18, 2024) ("A RICO claim based on mail or wire fraud is subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)."), *aff'd*, 2025 WL 3640223 (2d Cir. Dec. 16, 2025) (summary order).

Plaintiff alleges three predicate acts of mail fraud and wire fraud each. The mail fraud predicate acts are alleged to be the March 15, 2022 loan agreement with a false representation about the 30-day notice period, the May 1, 2022 mailed communication regarding the good standing of Plaintiff's loans, and the August 28, 2024 mailed insurance correspondence representing Defendants' intent to resolve the matter "fairly." Dkt. No. 69 ¶ VI(B). The wire fraud predicate acts are alleged to be emails between April 1 and June 30, 2022 between Defendant Laurence and Plaintiff regarding loan extensions and advance notices, wire transfers in June and July 2022 that Plaintiff made to Defendants, and electronic communications in August 2024 concerning Defendants' liability insurance. *Id.* ¶ VI(C).

These purported predicate acts are insufficient to sustain a civil RICO claim on the basis of fraud. Where, as here, "a Plaintiff claims that the defendant breached a contract that he never intended to honor, [s]he may only present that claim as an action sounding in fraud if (1) the defendant owed a legal duty to the Plaintiff 'separate from the duty to perform under the contract'; (2) the defendant makes a fraudulent misrepresentation that is 'collateral or extraneous' to the contract; or (3) the Plaintiff seeks special damages unrecoverable as contract damages." *Goldfine v. Sichenzia*, 118 F. Supp. 2d 392, 404 (S.D.N.Y. 2000) (quoting *Cougar Audio, Inc. v. Reich*, 2000 WL 420546 at * 6 (S.D.N.Y. April 18, 2000)). Plaintiff does not point to any duty arising separately from the underlying loan agreements. Plaintiff's allegations turn on the language of the eleven contracts that she entered with Defendants and would require assessing whether the 30-day notice period was, in fact, violated. Dkt. No. 69 ¶ VI. In other words, Plaintiff's allegations, accepted as true, are straightforwardly for breach of the loan agreements and are thus improperly funneled through the civil RICO provisions. *See, e.g.*, *New York State Cath. Health Plan, Inc. v. Acad. O & P Assocs.*, 312 F.R.D. 278, 299 (E.D.N.Y. 2015) ("A breach of contract, without more, does not amount to actionable wire fraud."); *Zaro Licensing, Inc. v. Cinmar, Inc.*, 779 F. Supp. 276, 282 (S.D.N.Y. 1991) ("That the plaintiffs embellished this breach [of contract] by setting forth the contents of various documents, correspondence, telefaxes, telephone calls and meetings between the parties did not support the existence of a RICO scheme, requiring dismissal."). Any representation made that notice would be provided, such as in the May 15, 2022 email, is not collateral or extraneous but "one and the same" with the promises made in the underlying agreements as alleged. *LCO Destiny, LLC v. Michaels Stores, Inc.*, 543 F. Supp. 2d 129, 133 (N.D.N.Y. 2008)

The Court dismisses the RICO claims for failure to state a claim with prejudice. Plaintiff attempted to raise a sufficient claim under the RICO Act at least thrice. Dkt. Nos. 32, 56, 69. The Court is cognizant that a self-represented litigant such as Plaintiff ordinarily should be afforded ample opportunity to state a claim, but where the "defects in Plaintiff's complaint are fatal and cannot be overcome with additional pleadings," leave to replead may be denied. *Cameron v. Garland*, 2026 WL 1707077, at *5 (S.D.N.Y. June 12, 2026). Because the allegations center on a breach of the loan agreements, there are no allegations Plaintiff could add that would substantiate the predicate racketeering activity of mail and wire fraud.

Plaintiff's remaining claims are brought under New York law and rely on the Court's supplemental jurisdiction. Under 28 U.S.C. § 1367(c), a federal court "may decline to exercise supplemental jurisdiction over a [supplemental state-law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). To be sure, if "a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction" over the remaining related state-law claims if they derive from the same common nucleus of operative fact. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). As a general matter, "[w]hen the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Id.* (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27

(1966)). Given the dismissal of the RICO claim—the only claim that arises under federal law—the Court declines to exercise supplemental jurisdiction over the remaining conversion and New York General Business law claims; Plaintiff may, however, pursue such claims in state court. *See Cantey v. Ctr. for Emp. Opportunities, Inc.*, 837 F. Supp. 3d 530, 550–51 (S.D.N.Y. 2026).

Accordingly, because all claims have been dismissed, Plaintiff's motion for preliminary injunction is denied as moot. *See, e.g.*, *Principle Homecare, LLC v. McDonald*, 2025 WL 622876, at *17 (S.D.N.Y. Feb. 26, 2025) ("Having dismissed the entirety of Plaintiffs' complaint . . . the Court finds Plaintiffs' motion seeking a preliminary injunction must be denied as moot."), *aff'd*, 158 F.4th 326 (2d Cir. 2025); *Jeannot v. New York State*, 762 F. Supp. 3d 217, 240 (E.D.N.Y. 2025) (collecting cases); *Word v. Croce*, 169 F. Supp. 2d 219, 222 (S.D.N.Y. 2001). Because the claims have been dismissed, it necessarily follows that there are no longer any claims before this Court on which Plaintiff can succeed. Additionally, for the reasons stated in the Court's September 11, 2026 Memorandum and Order, Plaintiff has failed to establish irreparable harm that stems from the result of any wrongful act by Defendants occurring over, at the latest, two and a half years ago. Dkt. No. 96 at 2–3.

## CONCLUSION

For the foregoing reasons, the motion for leave to file the TAC at Dkt. No. 68 is GRANTED. Defendants' motion to dismiss at Dkt. No. 81 is GRANTED, and the action is dismissed with prejudice to refiling in federal court. Plaintiff may pursue her state law claims in New York state courts. Because the motion to dismiss has been granted, Plaintiff's letter motions at Dkt. No. 66 and Dkt. No. 84, bearing on a potential additional defendant and construction of Defendants' comments regarding their entity name, are DENIED AS MOOT. Plaintiffs' motion for expedited consideration of her emergency motion for interim monetary relief is GRANTED, and the motion for a preliminary injunction is DENIED AS MOOT.

The Clerk of Court is respectfully directed to close all open motions and to close the case.

SO ORDERED.

Dated: October 13, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge